# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG TRAN,<br><br>  Plaintiff,<br><br>  v.<br><br>REBECA VILLAFUENTES, *et al.*,<br><br>  Defendants. | Case No. 15-cv-1450-BAS(BGS)<br><br>**ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

    On May 27, 2015, Plaintiff Hung Tran commenced this unlawful-detainer action in the San Diego Superior Court against Defendant Yolanda Astorga. Defendant Rebeca Villafuentes was shortly thereafter added to the lawsuit. This action arises from Defendants' alleged failure to pay rent as required by a written agreement. On July 1, 2015, Defendants removed this action to federal court. The removal is based on jurisdiction under 28 U.S.C. §§ 1331 and 1332.

    For the following reasons, the Court finds that Defendants' Notice of Removal is deficient and **REMANDS** this action to the San Diego Superior Court.

//

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Although there has not been a request to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

//

//

## II. ANALYSIS

### A. Diversity

In attempting to invoke this Court's diversity jurisdiction, the defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). In cases in which the plaintiff's state-court complaint does not specify an exact damage figure, the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendant fails to satisfy that requirement. *See* 42 U.S.C. § 1332.

Defendants assert that "Plaintiff does not quantify the amount of damages they [sic] seek to recover in this case[,]" and "[f]rom the face of the Complaint, however, it is apparent that the amount in controversy more likely than not exceeds $75,000.00, exclusive of interest and costs." (Removal Notice ¶ 7.) That is wholly inaccurate.

Plaintiff unequivocally indicates that the amount in controversy does not exceed $10,000. (Compl. 1 (under "Jurisdiction").) That valuation is consistent with allegations in the complaint asserting that the monthly rent is $1,980, to be "customarily paid on [the] 15th," and Defendants failed to pay rent beginning May 21, 2015. (Compl. ¶¶ 6(d), 7(b).) Plaintiff's request for relief is quite clear. He seeks, among other non-monetary relief, costs, reasonable attorney fees, $1,980 in past-due rent, and $66 for each day Defendants remain in possession of the property beginning June 16, 2015 through entry of judgment. (Compl. ¶¶ 11, 17.)

//
//
//

As of this date, the damages sought, excluding attorney fees and costs, amount to $3,102.[1]  That is well below the amount-in-controversy threshold required to establish federal diversity jurisdiction.  *See* 42 U.S.C. § 1332.

### B.     Federal Question

In order to invoke this Court's federal-question jurisdiction, the defendant must demonstrate that the civil action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "It is settled that the answer to this jurisdictional question must be determined solely from the face of the complaint unaided by the answer, petition for removal or other papers."  *Farmco Stores, Inc. v. Newmark*, 315 F. Supp. 396, 397 (E.D. Cal. 1970) (citing *Gully v. F. Nat'l Bank*, 299 U.S. 109, 113 (1936); *Stauffer v. Exley*, 184 F.2d 962, 967 (9th Cir. 1950)).

Though most of the removal notice focuses on the requirements for diversity jurisdiction, Defendants also invoke federal question under 28 U.S.C. § 1331.  The only elaboration on federal question is the following paragraph: "This Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331.  Further, this matter is one that may be removed to this Court . . . because it is a civil action based on the Federal Debt Collection Practices Act."  (Removal Notice ¶ 4.)  That understanding of the complaint is also incorrect.  The federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, is not invoked anywhere in the complaint.  In fact, there is no identifiable federal statute or claim mentioned, even in passing, anywhere in the complaint.

Therefore, the Court cannot conclude that this action arises under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.

//
//
//

---

[1] Seventeen days have lapsed from June 16, 2015 to this date.  The damages resulting from daily rate is calculated as follows: $66 per day x 17 days = $1,122.  Adding that value to the past-due rent sought, $1,980, produces the sum total of $3,102.

## III. CONCLUSION & ORDER

Because Plaintiff does not assert a claim that presents a federal question as required by 28 U.S.C. § 1331, and because he fails to allege facts necessary to establish diversity jurisdiction as required by 28 U.S.C. § 1332, the Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Additionally, the Court **TERMINATES AS MOOT** Defendants' motion to proceed *in forma pauperis*. (ECF No. 3.)

**IT IS SO ORDERED.**

**DATED: July 2, 2015**

*[signature]*
**Hon. Cynthia Bashant
United States District Judge**